# Exhibit B

# Podhurst Orseck

TRIAL & APPELLATE LAWYERS

Aaron S. Podhurst
Robert C. Josefsberg
Joel D. Eaton
Steven C. Marks
Peter Prieto
Stephen F. Rosenthal
Ricardo M. Martínez-Cid
Ramon A. Rasco
John Gravante III
Lea P. Valdivia
Matthew Weinshall

Robert Orseck (1934-1978)
Walter H. Beckham, Jr. (1920-2011)

Karen Podhurst Dern
Of Counsel

February 6, 2015

**CERTIFIED MAIL—Return Receipt Requested**

Shannen W. Coffin, Esq.
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Re:  *Lily Ann Nunez, as Personal Representative of the Estate of Lloyd Nunez Guerra, deceased v. Sierra Nevada Corporation; Straight Flight, Inc.; New Frontier Innovations, LLC; and Honeywell International Inc.*
Case No. 15-2688 CA 21

Dear Ms. Coffin:

Pursuant to your December 4, 2014, letter, we are directing this correspondence to you as retained attorney for Defendant, New Frontier Innovations, LLC. We have sent a separate correspondence to Sierra Nevada Corporation, Straight Flight, Inc., and Honeywell International Inc. Included herein is a courtesy copy of the Complaint which was filed in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, on February 3, 2015. We are writing to inquire as to whether your client will waive service of process. In addition, we are amenable to discussing early resolution of this matter.

Sincerely,

Lea P. Valdivia

Lea P. Valdivia

LPV/ad
Enclosure

Podhurst Orseck, P.A.

Filing # 23330731 E-Filed 02/03/2015 06:46:31 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Civil Division

Case No.  15-2688 CA 21

LILY ANN NÚÑEZ, as personal representative of
the Estate of LT. LLOYD NÚÑEZ, deceased, and
all potential beneficiaries and heirs,

        Plaintiff,

vs.

SIERRA NEVADA CORPORATION, a foreign
corporation; STRAIGHT FLIGHT, INC., a foreign
corporation; NEW FRONTIER INNOVATIONS,
LLC, a foreign limited liability company; and
HONEYWELL INTERNATIONAL INC., a
foreign corporation,

        Defendants.

_____/

## COMPLAINT

Plaintiff, LILY ANN NÚÑEZ, as Personal Representative of the Estate of Lieutenant

Lloyd Núñez, deceased, on behalf of herself and all potential beneficiaries and heirs brings this

wrongful death action arising out of a plane crash against the Defendants: SIERRA NEVADA

CORPORATION ("SNC"), a foreign corporation; STRAIGHT FLIGHT, INC. ("Straight

Flight"), a foreign corporation; NEW FRONTIER INNOVATIONS, LLC ("NFI"), a foreign

limited liability company; and, HONEYWELL INTERNATIONAL, INC. ("Honeywell"), a

foreign corporation, and respectfully alleges as follows:

Podhurst Orseck, P.A.

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1.     This action seeks damages for a wrongful death pursuant to § 768.16 Fla. Stat. ("Florida's Wrongful Death Act"), arising out of the October 5, 2013, aircraft crash that occurred when a de Havilland Canada DHC-8-202 Prospector aircraft, tail number N356PH ("Prospector"), impacted the northern part of the Serranía del Darién mountain range between Panama and Colombia, in a region called the Darién Gap.

2.     This is an action for damages in excess of Fifteen Thousand ($15,000) Dollars, exclusive of costs, interest, and attorney's fees; and,

3.     Venue lies in this county because the Defendants' activities in Miami, Florida, gave rise to Plaintiff's claims for relief. Plaintiff's claims for relief arose in connection with Defendants' ongoing business with the U.S. Southern Command in Miami, Florida ("SOUTHCOM") and the Joint Inter-Agency Task Force in Key West, Florida ("JIATF-South").

4.     The Plaintiff is the Decedent's sister. She is a resident of and domiciled in Bethania, Panama. Plaintiff is and/or will be appointed Administrator, Executor and/or Personal Representative of the Decedent's Estate. The statutory survivor under Florida's Wrongful Death Act is the minor child of the Decedent, "AYNM". Other potential beneficiaries of Decedent's Estate include his parents, sister, and domestic partner/common-law wife.

5.     At all times material, Decedent was a citizen of Panama, a Lieutenant in Panama's National Air and Navy Service (the Servicio Aeronaval de Panamá, "SENAN"), and a passenger on the Prospector which was owned and operated by SNC.

6.     Defendant, SNC, is a Nevada corporation with its principal place of business at 444 Salomon Circle Sparks, Nevada 89434.

Podhurst Orseck, P.A.       2

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

7.    In 2001, SNC is registered to transact business in Florida and has maintained said authority and registration continuously to date. SNC may be served by registered agent at Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

8.    SNC is subject to both specific and general jurisdiction in Florida for this matter.

9.    SNC has in the past and continues to engage in substantial and not isolated activity within Florida, where it is essentially domiciled. Specifically, SNC engages in the following general business activities:

    a) In Jacksonville, Florida, SNC produces light aircraft for the military. SNC won a contract to build twenty A-29 Super Tucanos aircraft in Jacksonville, Florida. SNC and its Brazilian partner, Embraer Defense and Security, built a 40,000 square-foot production facility and to date have hired 72 employees in Jacksonville, Florida.

    b) On the Space Coast, SNC designs, manufacturers, and tests advanced spacecraft, rocket motors, and spacecraft subsystems and components for the U.S. government and commercial customers. In 2014, NASA allowed SNC to test its reusable spacecraft, the Dream Chaser, at Cape Canaveral. In 2011, SNC used the Kennedy Space Center's technical staff and facilities to develop and manufacture thermal protection materials for the Dream Chaser.

    c) Upon information and belief, in Mary Ester and Hurlburt Field, Florida, SNC maintains an office and/or production facility that employs airframe and power plant mechanics and managers, technical publications managers, aircraft records clerks, flight operations managers, aviation maintenance managers, senior pilots, logistic operations managers, field services technicians, and mission systems operators.

Podhurst Orseck, P.A.       3

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

d) Upon information and belief, to obtain U.S. government and commercial contracts, hire employees, and make agreements with Florida companies and citizens, SNC advertises its company capabilities and attends industry events in Florida; maintains offices, phone lines, internet, and supplier connections in Florida; relies on Florida law to enforce agreements; and, avails itself of Florida's businesses and community resources to visit potential partner offices, educate potential employees, and attract non-Floridian employees to Florida.

10.     The fatal airplane crash arose from SNC's contacts within Florida. Specifically, SNC engages in the following activities in Florida that relate to the crash:

a) Upon information and belief, the Prospector departed from Hollywood International Airport in Broward County, Florida, and flew to Panama;

b) About nine days prior to the Prospector's crash, SNC's employees attended meetings with customers in Key West, Florida, to discuss the Prospector's missions and results;

c) Upon information and belief, SNC's Intelligence, Surveillance and Reconnaissance ("ISR") business unit is based in Florida. The ISR business unit won and supports the Contract;

d) SNC hired crewmembers and support personnel in Florida to work on the Prospector. SNC's employees servicing the Contract were stationed in Panama and in Florida;

e) Upon information and belief, SNC worked in continual communication with SOUTHCOM in Miami, Florida to service the Contract;

f) SOUTHCOM assigned Florida residents domiciled in South Florida to crew the Prospector, including Martin Gonzales, deceased;

---

Podhurst Orseck, P.A.                                        4

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

g) Upon information and belief, SNC continually communicated with JIATF-South counter-narcotics surveillance activities located in Key West, Florida, to service the Contract;

h) During the Prospector's flight, maintaining direct radio and data communications during each surveillance flight with SOUTHCOM in Miami, Florida; and,

i) During the Prospector's flight, maintaining direct radio and data communications during each surveillance flight with JIATF-South in Key West, Florida.

11.     Defendant, Straight Flight, is a wholly owned subsidiary of SNC with its principal place of business at 13251 East Control Tower Road, Englewood, Colorado 80112. Straight Flight may be served by registered agent at Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.

12.     Straight Flight is subject to both specific and general jurisdiction in Florida for this matter.

13.     Straight Flight has in the past and continues to engage in substantial and not isolated activity within Florida, where it is essentially domiciled. Plaintiff's cause of action against Straight Flight results from its ongoing business, its tortious actions, and/or its having caused injury in Florida.

14.     Defendant, NFI, is a Delaware limited liability company with its principal office at 201 King Street, Alexandria, Virginia 22314. NFI may be served by registered agent at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

15.     NFI is subject to both specific and general jurisdiction in Florida for this matter.

16.     NFI has in the past and continues to engage in substantial and not isolated activity within Florida, where it is essentially domiciled. Plaintiff's cause of action against NFI results

Podhurst Orseck, P.A.                                    5

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

from its ongoing business, its tortious actions, and/or its having caused injury in Florida.

17.     Defendant, Honeywell, is a Delaware corporation with its principal office at 101 Columbia Road, Morris Township, New Jersey 07962.  Honeywell may be served by registered agent at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

18.     Honeywell is subject to both specific and general jurisdiction in Florida for this matter.

19.     Honeywell has in the past and continues to engage in substantial and not isolated activity within Florida, where it is essentially domiciled.  Plaintiff's cause of action against Honeywell results from its ongoing business, its tortious actions, and/or its having caused injury in Florida.

20.     On the night of October 4, 2013, Decedent joined a counter-narcotic surveillance flight on the Prospector.

21.     Decedent was the "host-nation rider" on the Prospector.  Lt. Núñez's duties as a host-nation rider did not include navigation or piloting.  Host-nation riders are passengers that ride in the middle of the aircraft—without instruments or controls—and are responsible for coordinating with Panamanian drug interdiction vessels.

22.     SNC owned, maintained, and provided the crew for the Prospector surveillance aircraft in connection with the JIATF-South and/or SOUTHCOM.

23.     JIATF-South is based in Key West, Florida.  During the Prospector's flight JIATF-South was providing Intelligence, Surveillance and Reconnaissance ("ISR") services to sea-based drug interdiction forces in the Caribbean pursuant to Operation Martillo (Hammer), a SOUTHCOM program.  JIATF-South is subordinate to SOUTHCOM.

Podhurst Orseck, P.A.                                              6

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

24.     SOUTHCOM is based in Miami, Florida.   SOUTHCOM launched Operation Martillo, as part of its mission to combat transnational organized crime in the Central American region. Operation Martillo is focused on providing ISR assistance to drug interdiction programs. SOUTHCOM chose JIATF-South to lead Operation Martillo.  Upon information and belief, the Prospector flew as part of this program.

25.     SNC's Contract requires it to provide a narcotics surveillance airplane and qualified crew members for SOUTHCOM and JIATF-South to use.   SNC modified the Prospector, or contracted with another entity to modify it, for SOUTHCOM's use.   SNC conducted initial training for the Contract in the United States.

26.     Upon information and belief, SNC entered into a subcontract with Straight Flight, a subsidiary of SNC, to provide aircraft maintenance, modifications and repairs.  Straight Flight modified the Prospector to meet Contract requirements for maritime surveillance missions and provided maintenance services for the Prospector.  Upon information and belief, at least some of these activities occurred in Florida.

27.     SNC entered into a subcontract with NFI to provide pilots and crew.   The Prospector had six crewmembers: two pilots in the cockpit, two mission sensor operators in the rear of the plane, and a host-nation rider escort and a host-nation rider in the middle passenger area.  SNC provided one pilot; NFI provided the other.  NFI provided both mission sensor operators. SOUTHCOM assigned the host-nation rider escort to the Prospector. The host-nation rider escort was a resident of Florida domiciled in South Florida.  The Decedent was the host-nation rider.  Training, crew, aircraft safety, and maintenance were the responsibility of SNC, Straight Flight, and NFI.

28.     On October 2, 2013, the Prospector's Enhanced Ground Proximity Warning System ("EGPWS") may have been disabled by SNC and/or NFI.  The EGPWS helps prevent

Podhurst Orseck, P.A.                                                7

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

controlled flight into terrain by monitoring the aircraft's position and providing timely warnings to aircrews of upcoming terrain. Defendant Honeywell was responsible for the design of the EGPWS which allowed it to be disconnected, or otherwise issue inadequate warning to the Pilots regarding the approaching terrain.

29.      In the pre-dawn hours on October 5, 2013, the pilots manually flew the Prospector low over the Caribbean basin near the border between Colombia and Panama. The Prospector was patrolling an operational area (the "Box") provided by SOUTHCOM for illegal narcotics activity. SNC's aircraft was flight-followed and in radio communication with SOUTHCOM in Miami and JIATF-South in Key West during this surveillance flight. The flight was conducted in the operating area of JIATF-South and pursuant to SOUTHCOM's Martillo program. JIATF-South was in radio communication with the Prospector as it tracked a suspected smuggling vessel until JIATF-South lost radio contact with the plane.

30.      SNC's pilot was at the flight controls when the Prospector crashed into the side of a mountain. On impact, the plane split in two. A portion of the Prospector's cockpit broke away from the rear section of the plane containing the host-nation riders and the sensor operators. A fire started in the rear section of the plane and engulfed the four crewmembers, including Host Nation Rider, Lt. Núñez. The fire destroyed the rear section of the Prospector. Colombian rescuers determined that the crash was not caused by hostile activity.

31.      SNC and NFI were also aware that one of the pilots flying the Prospector was blind in one eye.

32.      SNC and NFI subjected the passengers, including Lt. Núñez, to the unreasonable risk of a partially blind pilot flying the subject aircraft with a defective EGPWS.

33.      Lt. Núñez died in the crash and resulting fire.

Podhurst Orseck, P.A.                                                   8

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

34.     Lt. Núñez was in no way responsible for the safe operation of the Prospector, nor was he in any way negligent or at fault for this incident.

## COUNT I
### (Direct Negligence Sierra Nevada Corporation)

35.     Plaintiff incorporates allegations 1– 34 here.

36.     SNC directly serviced some portions of the Contract and subcontracted other portions.  SNC directly provided the Prospector aircraft, hired one Prospector pilot, and provided maintenance services.  The pilot that was flying the Prospector at the time of the crash ("Pilot1") was a United States civilian employed by SNC.

37.     SNC owed a duty of care to Decedent because SNC was the owner and operator of the Prospector, hired the crew, and managed maintenance services for the Prospector, including setting maintenance standards.

38.     SNC carelessly and recklessly breached the duty of care it owed Decedent. SNC's negligent, careless, and reckless acts and/or omissions include:

  a) Failing to investigate the pilot's background and experience or otherwise ignoring the lack of experience of the pilots in control of the subject flight;

  b) Negligently training the pilots and flight crew, including: 1.) failing to provide adequate scenario-based ground and flight training in how to conduct the primary duties of a flight crew and emergency procedures; 2.) failing to evaluate the flight crew; 3.) failing to train the flight crew on proper airplane communication; and, 4.) failing to establish training standards and schedules;

  c) Negligently maintaining the Prospector, including: 1.) disabling safety devices and terrain proximity warning devices; and, 2.) failing to properly replace the emergency hatch seal;

Podhurst Orseck, P.A.                                    9

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

d) Failing to establish procedures and standards for the flight crew and pilots including: 1.) standards for documenting maintenance procedures and equipment changes on the Prospector; 2.) standards for maintenance programs for the Prospector, including washing schedules and chocking procedures; and, 3.) standards for replacing damaged parts, including the escape hatch seal;

e) Failing to provide adequate maintenance tools and facilities, such as parts and hangars, for the Prospector maintenance crews; and,

f) Failing to establish safety procedures for the counter-narcotics flight when the cockpit flight crew: 1.) lacked experience for the actual mission, airframe, aircraft model, or flight environmental factors; 2.) had a poor performance record in SOUTHCOM missions of this type the decade before the October 5, 2013 crash; and/or, 3.) inappropriately used the subject flight as a training flight.

39.    The Prospector crashed as a direct and proximate result of SNC's negligence.

40.    As a further direct and proximate result of the crash and consequent death of Plaintiff's decedent, Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and/or whatever law this Court finds applicable and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled, including, as applicable law may provide, but not limited to:

a) Pain and suffering of Lt. Núñez prior to his death;

b) Pain and suffering of the survivors, beneficiaries and heirs;

c) Lost society, companionship, guidance and services of Lt. Núñez to his survivors, beneficiaries and heirs;

d) Loss of support in money or in kind;

e) Loss of net accumulations;

Podhurst Orseck, P.A.                                    10

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

   f)   Lost value of life;

   g)   Funeral expenses; and/or,

   h)   Any and all other damages to which the survivors, beneficiaries, and/or the

        Estate of Lt. Núñez may be entitled to recover under applicable law.

   WHEREFORE, the Plaintiff demands judgment against SIERRA NEVADA

CORPORATION for compensatory damages and costs. The Plaintiff further demands trial by

jury on all issues triable as right to trial by jury.

**COUNT II**
**(Vicarious Negligence Sierra Nevada Corporation)**

   41.    Plaintiff incorporates allegations 1–34 here.

   42.    SNC is vicariously liable for the negligent actions and omissions of its employee

pilot ("Pilot1") on October 5, 2013.  Specifically:

        a)   Pilot1 had a duty to Decedent, as a pilot of the Prospector, to use reasonable care

             when flying the plane.

        b)   Pilot1 breached that duty by: 1.) failing to establish clear communication

             protocols with the sensor operators; 2.) failing to use reasonable care when

             navigating the subject aircraft; and, 3.) failing to perform the primary pilot duty of

             flying the Aircraft clear of terrain.

   43.    SNC is vicariously liable and responsible for the actions and omissions of NFI's

pilot ("Pilot2") which SNC knowingly hired and controlled pursuant to a subcontract with NFI.

Specifically:

        a)   Pilot2 had a duty to Decedent, as the pilot on the Prospector, to use reasonable

             care when flying the plane.

        b)   Pilot2 breached that duty by: 1.) operating the subject aircraft while blind in one

             eye; 2.) failing to establish clear communication protocols with the sensor

Podhurst Orseck, P.A.                                             11

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

operators; 3.) failing to use reasonable care when navigating; and, 4.) failing to notice and correct Pilot1's negligent piloting.

44.    SNC is vicariously liable and responsible for the actions and omissions of the sensor operators which SNC knowingly hired and controlled pursuant to a subcontract with NFI. Specifically:

    a)  The sensor operators had a duty of care to Decedent as the navigators on the Prospector.

    b)  The sensor operators breached that duty by failing to establish clear communication protocols with the pilots, failing to use reasonable care when navigating, and directing Pilot1 and Pilot2 to fly into the ground.

45.    SNC is vicariously liable and responsible for the actions and omissions of the sensor operators and pilots based on the following additional theories of liability:

    a)  Based on the dangerous instrumentality doctrine, SNC, as owner of the subject aircraft, is vicariously liable for any negligent actions or omissions of the pilots and the sensor operators to whom SNC knowingly entrusted the subject aircraft. The Prospector was a dangerous instrumentality as a matter of Florida law. The pilots were negligent as explained in paragraphs 34–35 which are incorporated herein.

    b)  Because SNC was engaged in an inherently dangerous and ultrahazardous activity—operating a modified aircraft on long range flights at low altitude over water with a vision impaired pilot and the ground proximity warning device disabled—SNC is vicariously liable for any negligent actions or omissions of the pilots, flight crew, and the entities responsible for the performance of maintenance work. SNC was under a non-delegable duty to perform, or to have

Podhurst Orseck, P.A.                                              12

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

others perform, the maintenance on the subject aircraft and the subject flight in a reasonably safe and careful manner.  SNC breached that non-delegable duty as explained in paragraphs 30 & 34–35 which are incorporated herein.

c) The sensor operators breached the duty of care owed to Lt. Núñez when they, among other actions, directed the Prospector's to fly into the ground as explained in paragraphs 33–35 which are incorporated herein.

46.   As a direct and proximate result of the negligence of NFI, Pilot1, Pilot2, the sensor operators, and maintenance providers, Lt. Núñez died and Plaintiff suffered losses and damages.  SNC is vicariously responsible for that negligence.  Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and/or whatever law this Court finds applicable and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled, including, as applicable law may provide, but not limited to:

a) Pain and suffering of Lt. Núñez prior to his death;

b) Pain and suffering of the survivors, beneficiaries and heirs;

c) Lost society, companionship, guidance and services of Lt. Núñez to his survivors, beneficiaries and heirs;

d) Loss of support in money or in kind;

e) Loss of net accumulations;

f) Lost value of life;

g) Funeral expenses; and/or,

h) Any and all other damages to which the survivors, beneficiaries, and/or the Estate of Lt. Núñez may be entitled to recover under applicable law.

Podhurst Orseck, P.A.                                   13

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

WHEREFORE, the Plaintiff demands judgment against the defendant SNC, for compensatory damages and costs. The Plaintiff further demands trial by jury on all issues triable as right to trial by jury.

## COUNT III

### (Direct Negligence New Frontier Innovations, LLC)

47.   Plaintiff incorporates allegations 1–34 here.

48.   NFI owed a duty of care to Decedent because NFI provided pilots and sensor operator crews for the ISR missions described above.  On October 5, 2013, NFI provided one pilot and two sensor operators for SNC's Prospector flight.

49.   NFI breached that duty of care to Decedent.  NFI's negligent, careless, and reckless acts and/or omissions include:

a) Negligently hiring a pilot that was blind in one eye to fly nighttime missions at low altitude and that failed to communicate using standard pilot/sensor operator communications;

b) Negligently training the sensor operators and Pilot2 on navigation, aircraft communication standards, and the primary duties of the Prospector flight crew;

c) Failing to provide emergency procedures training and evaluations for the pilots and sensor operators;

d) Negligently establishing safety procedures for a counter-narcotics flight because the cockpit flight crew: 1.) lacked experience for the actual mission, airframe, aircraft model, or flight environmental factors; 2.) had a poor performance record in SOUTHCOM missions of this type the decade before the October 5, 2013 crash; and/or 3.) was not current on their pilot requirements, or was inappropriately using the subject flight as training flight;

Podhurst Orseck, P.A.                                                 14

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

e)  Failing to disclose and/or affirmatively hiding that flight crew lacked the experience to conduct the subject flight, and failing to request a stand down of the mission; and,

f)  Failing to adequately train the pilot and sensor operators to conduct the subject flight.

50.     In addition, NFI employed Pilot 2 and the sensor operators on the date of the subject flight.  NFI is vicariously liable for the actions of Pilot 2 and the sensor operators who were acting in the capacity of their employment during the subject flight.  Specifically:

a)  Pilot 2 and the sensor operators owed a duty of care to Decedent to safely fly and navigate the plane.

b)  Pilot 2 and the sensor operators breached that duty by crashing the Prospector into terrain, failing to maintain proper scan techniques and perform the primary pilot duty of flying the Aircraft clear of terrain.  Pilot 2 additionally breached that duty by flying the subject flight while blind in one eye.

51.     As a direct and proximate result of the negligence of defendant NFI and its flight crew, Lt. Núñez died and Plaintiff suffered losses and damages.  Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and/or whatever law this Court finds applicable and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled, including, as applicable law may provide, but not limited to:

a)  Pain and suffering of Lt. Núñez prior to his death;

b)  Pain and suffering of the survivors, beneficiaries and heirs;

c)  Lost society, companionship, guidance and services of Lt. Núñez to his survivors, beneficiaries and heirs;

d)  Loss of support in money or in kind;

Podhurst Orseck, P.A.                                    15

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

e) Loss of net accumulations;

f) Lost value of life;

g) Funeral expenses; and/or,

h) Any and all other damages to which the survivors, beneficiaries, and/or the Estate of Lt. Núñez may be entitled to recover under applicable law.

WHEREFORE, the Plaintiff demands judgment against the defendant NEW FRONTIER INNOVATIONS, LLC, for compensatory damages and costs. The Plaintiff further demands trial by jury on all issues triable as right to trial by jury.

## COUNT IV
**(Negligence Straight Flight, Inc.)**

52.    Plaintiff incorporates allegations 1–34 here.

53.    Straight Flight is a wholly owned subsidiary of SNC that provides aircraft maintenance, inspections, and modifications.  Upon information and belief, SNC contracted with Straight Flight to maintain and modify the de Havilland DHC-8-202 Prospector aircraft.

54.    Upon information and belief, Straight Flight owed a duty of care to Decedent to safely modify the Prospector for SNC's intended use.  Straight Flight was also responsible for safely maintaining the Prospector, including its ground proximity warning system.

55.    Straight Flight negligently, carelessly, and recklessly breached its duty of care owed to Decedent by failing to properly modify and maintain the Prospector.  Straight Flight's negligent, careless, and reckless acts and/or omissions include:

a) Failing to test the Prospector's performance and flight characteristics after making major modifications to the aircraft.  Straight Flight mounted spy equipment on the Prospector including heavy radar, cameras, and listening devices that can tap into cellular phones and radios.  Straight Flight added two large fuel tanks to extend the Prospector's range.  Straight Flight did not properly test these modifications.

Podhurst Orseck, P.A.     16

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346     www.podhurst.com

The FAA neither certified nor issued supplemental type certificates for these modifications;

b) Improperly disabling the Prospector's Enhanced Ground Proximity Warning System ("EGPWS");

c) Failing to hire trained and experienced maintenance crews to repair the Prospector's EGPWS or determine why the EGPWS warnings were not sounding in the Prospector cockpit; and,

d) Failure to keep adequate reports related to the EGPWS.

56.    As a direct and proximate result of the negligence of defendant Straight Flight and its maintenance crew, Lt. Núñez died and Plaintiff suffered the losses and damages alleged below. Straight Flight's conduct was the proximate cause of the injuries and damages sustained by Plaintiff.

57.    As a further direct and proximate result of the crash and consequent death of Plaintiff's Decedent, Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and/or whatever law this Court finds applicable and claims all damages to which the Estate, the survivors, and/or beneficiaries may be entitled, including, as applicable law may provide, but not limited to:

a) Pain and suffering of Lt. Núñez prior to his death;

b) Pain and suffering of the survivors, beneficiaries and heirs;

c) Lost society, companionship, guidance and services of Lt. Núñez to his survivors, beneficiaries and heirs;

d) Loss of support in money or in kind;

e) Loss of net accumulations;

f) Lost value of life;

Podhurst Orseck, P.A.                    17

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

g) Funeral expenses; and/or,

h) Any and all other damages to which the survivors, beneficiaries, and/or the Estate of Lt. Núñez may be entitled to recover under applicable law.

WHEREFORE, the Plaintiff demands judgment against the defendant STRAIGHT FLIGHT, INC., for compensatory damages and costs. The Plaintiff further demands trial by jury on all issues triable as right to trial by jury.

## COUNT V
### (Gross Negligence SNC, NFI, Straight Flight)

58.    SNC, NFI, and Straight Flight's conduct constitutes gross negligence and/or intentional conduct, as described in paragraph 1-57, and Plaintiff incorporates those allegations here.  In this regard, there is clear and convincing evidence that Defendants SNC, NFI, and Straight Flight:

a) Intentionally disabled the Prospector's enhanced ground proximity warning system and negligently repaired the escape hatch seal;

b) Hired an individual who was blind in one eye to fly the Prospector; and,

c) Allowed operation of the Aircraft under circumstances where the Aircraft was, by definition, not "airworthy" and should have been grounded.

59.    These intentional acts involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Decedent and others, of which Defendants SNC, NFI, and Straight Flight had actual, subjective awareness, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Decedent.

60.    Defendants SNC, NFI and Straight Flight's gross negligence and/or intentional conduct was a proximate cause of the crash that killed Decedent.

Podhurst Orseck, P.A.                                                      18

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com

WHEREFORE, the Plaintiff demands judgment against Defendants SNC, NFI and Straight Flight for punitive damages. The Plaintiff further demands trial by jury on all issues triable as right to trial by jury.

## COUNT VI
### (Negligence and Strict Liability Honeywell International, Inc.)

61.    Plaintiff incorporates allegations 1–34 here.

62.    Honeywell designed, distributed and/or sold the Enhanced Ground Proximity Warning System ("EGPWS") installed on the Prospector.  The EGPWS helps prevent controlled flight into terrain by monitoring the aircraft's position and providing timely warnings to aircrews of upcoming terrain.

63.    Honeywell had a duty to Decedent to properly manufacture and reasonably design the EGPWS.

64.    Thirty seconds prior to impact, while the Prospector turned toward the mountain, the cockpit voice recorder captured a "PULL UP" voice command from the EGPWS that failed to alert the pilots and crew of the Prospector.

65.    The EGPWS was defectively manufactured because the EGPWS did not emit all the proper warning sounds to the Prospector pilots.

66.    The EGPWS was defectively designed because the EGPWS warnings were not sufficient to inform the Prospector pilots of the oncoming danger.

67.    The EGPWS malfunction or defective design failed to warn the Prospector pilots of the incoming danger.  The EGPWS malfunction or defective design was the proximate cause of Plaintiff's injuries.

68.    As a further direct and proximate result of the crash and consequent death of Plaintiff's Decedent, Plaintiff has been damaged pursuant to the Florida Wrongful Death Act and/or whatever law this Court finds applicable and claims all damages to which the Estate, the

Podhurst Orseck, P.A.                                             19

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346            www.podhurst.com

survivors, and/or beneficiaries may be entitled, including, as applicable law may provide, but not limited to:

a) Pain and suffering of Lt. Núñez prior to his death;

b) Pain and suffering of the survivors, beneficiaries and heirs;

c) Lost society, companionship, guidance and services of Lt. Núñez to his survivors, beneficiaries and heirs;

d) Loss of support in money or in kind;

e) Loss of net accumulations;

f) Lost value of life;

g) Funeral expenses; and/or,

h) Any and all other damages to which the survivors, beneficiaries, and/or the Estate of Lt. Núñez may be entitled to recover under applicable law.

WHEREFORE, the plaintiff demands judgment against the defendant HONEYWELL INTERNATIONAL, INC., for compensatory damages and costs. The plaintiff further demands trial by jury on all issues triable as right to trial by jury.

Respectfully submitted,

**PODHURST ORSECK, P.A.**
City National Bank Building, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Fax: (305) 358-2382

By:  /s/    Ricardo M. Martínez-Cid
RICARDO M. MARTÍNEZ-CID
Florida Bar No. 383988
Email: rmcid@podhurst.com
aducci@podhurst.com; lbarrington@podhurst.com;
LEA P. VALDIVIA
Florida Bar No. 84763
Email: lvaldivia@podhurst.com
aducci@podhurst.com; mestevez@podhurst.com

Podhurst Orseck, P.A.                                                     20

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346        www.podhurst.com

-and-

J.B. Harris, Esq.
Florida Bar No. 495034
Email: jbharrisesq@gmail.com
**J.B. HARRIS, P.A.**
3127 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: (786) 303-8333
Fax: (305) 444-8178

*Attorneys for Plaintiff*

Podhurst Orseck, P.A.                                    21

25 West Flagler Street, Suite 800, Miami, FL 33130, Miami 305.358.2800  Fax 305.358.2382  •  Fort Lauderdale 954.463.4346          www.podhurst.com