UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 15-21280-CIV-ALTONAGA/O'SULLIVAN

LILY ANN NÚÑEZ, as personal representative of
the Estate of Lt. LLOYD NÚÑEZ, deceased, and
all potential beneficiaries and heirs,
        Plaintiff,

v.

SIERRA NEVADA CORPORATION, a foreign.
Corporation; STRAIGHT FLIGHT, INC., a foreign
corporation, NEW FRONTIER INNOVATIONS, LLC,
a foreign limited liability company; and HONEYWELL
INTERNATIONAL INC., a foreign corporation.

        Defendants.
_____/

## DEFENDANT SIERRA NEVADA CORPORATION'S ANSWER
## TO PLAINTIFF'S COMPLAINT

      Defendant SIERRA NEVADA CORPORATION ("SNC"), by and through undersigned counsel, hereby answers Plaintiff's Complaint, and states as follows:

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

      1.    In response to Paragraph 1 of the Complaint, SNC admits that on October 5, 2013 a de Havilland DHC-8-202 aircraft bearing tail number N356PH crashed in a region along the border between Colombia and Panama. SNC states that the remaining averments in paragraph 1 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required to those remaining averments, they are denied.

      2.    SNC states that the averments in Paragraph 2 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be

required, SNC denies the averments in Paragraph 2.

3. SNC states that the averments in Paragraph 3 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required to those averments, they are denied.

4. SNC states that the averments in Paragraph 4 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, SNC states that it is without information or knowledge sufficient to form a belief as to the truth of the averments in Paragraph 4, and therefore denies them.

5. SNC admits that Decedent was a host nation rider on the October 5, 2013 flight. SNC is without information or knowledge sufficient to form a belief as to the truth of the averments that Decedent was a citizen of Panama and that he was a Lieutenant in Panama's National Air and Navy Service, and therefore denies them. SNC denies the remaining averments in Paragraph 5.

6. SNC admits the averments in Paragraph 6.

7. SNC admits the averments in Paragraph 7.

8. SNC states that the averments in Paragraph 8 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required to those averments, they are denied.

9. SNC states that the averments in Paragraph 9 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required SNC denies the averments in Paragraph 9.

10. SNC states that the averments in Paragraph 10 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be

required to those averments, SNC admits the allegations in subparts (a), (b), and (i).  SNC denies any remaining averments in Paragraph 10.

11.     SNC states that the averments in Paragraph 11 are directed to a party other than SNC and therefore no response is required.  To the extent a response may be required to those averments, they are admitted.

12.     SNC states that the averments in Paragraph 12 are directed to a party other than SNC and therefore no response is required.   To the extent a response may be required to those averments, they are denied.

13.     SNC states that the averments in Paragraph 13 are directed to a party other than SNC and therefore no response is required.  To the extent a response may be required to those averments, they are denied.

14.     SNC states that the averments in Paragraph 14 are directed to a party other than SNC and therefore no response is required.  To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

15.     SNC states that the averments in Paragraph 15 are directed to a party other than SNC and therefore no response is required.  To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

16.      SNC states that the averments in Paragraph 16 are directed to a party other than SNC and therefore no response is required.  To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

17. SNC states that the averments in Paragraph 17 are directed to a party other than SNC and therefore no response is required. To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

18. SNC states that the averments in Paragraph 18 are directed to a party other than SNC and therefore no response is required. To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

19. SNC states that the averments in Paragraph 19 are directed to a party other than SNC and therefore no response is required. To the extent a response may be required to those averments, SNC is without information or knowledge sufficient to form a belief as to the truth of those averments and therefore denies them.

20. SNC admits the averments in Paragraph 20.

21. SNC admits that Decedent was the host-nation rider on the subject aircraft, that his duties did not include piloting, and that he was responsible for coordinating with Panamanian drug interdiction vessels. SNC denies the remaining averments in Paragraph 21.

22. SNC admits that it maintained and was responsible for providing pilots and sensor operators for the subject aircraft. SNC denies the remaining averments in paragraph 22.

23. SNC admits that JIATF-South is based in Key West, Florida. Absent authorization from the United States SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments in Paragraph 23. To the extent a response may be required to those remaining averments, due to the disclosure prohibitions they are denied.

24. SNC denies that SOUTHCOM is based in Miami, Florida. Absent authorization from the United States SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments in Paragraph 24. To the extent a response may be required to those remaining averments, due to the disclosure prohibitions they are denied.

25. SNC admits that it conducted initial training for the pilots and sensor operators in the United States. Absent authorization from the United States SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments in Paragraph 25. To the extent a response may be required to those remaining averments, due to the disclosure prohibitions they are denied.

26. SNC denies the averments in Paragraph 26.

27. SNC denies that Straight Flight or NFI had any responsibility for training, crew, aircraft safety or maintenance. SNC is without information or knowledge sufficient to form a belief as to the truth of the averments that the host-nation rider escort was a resident of Florida domiciled in South Florida, and therefore SNC denies those averments. Absent authorization from the United States SNC is prohibited by federal contract and other federal requirements from disclosure of any information related to the remaining averments in Paragraph 27.

28. SNC admits that the EGPWS was disabled in accordance with the Master Minimum Equipment List. SNC is without information or knowledge sufficient to form a belief as to the truth of the averments regarding Defendant Honeywell's responsibility for the design of the EGPWS and therefore SNC denies those averments. SNC admits the remaining averments in Paragraph 28.

29. Absent authorization from the United States SNC is prohibited by federal contract

and other federal requirements from disclosure of any information related to the averments in Paragraph 29. To the extent a response may be required to those averments, due to the disclosure prohibitions they are denied.

30. SNC admits that its pilot was at the flight controls at the time of the crash and that, after the crash there was a fire that destroyed the rear section of the aircraft. SNC denies that the Colombian rescuers determined that the crash was not caused by hostile activity. SNC is without information or knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph 30, and they are therefore denied.

31. SNC admits that one pilot was legally blind in one eye but was fully certified to fly the mission. To the extent Paragraph 31 contains other averments, they are denied.

32. SNC denies the averments in Paragraph 32.

33. SNC admits that Lt. Nuñez died in the crash, but denies that he died in the resulting fire.

34. SNC denies that Lt. Nuñez was in no way responsible for the safe operation of the Prospector. SNC states that the remaining averments in Paragraph 34 are conclusions of law as opposed to allegations of fact, and therefore no response is required.

## COUNT I
### (Direct Negligence Sierra Nevada Corporation)

35. SNC incorporates by reference its responses to Paragraphs 1-34, as if fully set forth herein.

36. SNC denies that it subcontracted portions of the subject Contract or that "it hired one Prospector pilot." SNC admits the remaining averments in Paragraph 36 and further admits the SNC Site Manager could also function as a backup pilot as needed.

37. SNC states that the averments in Paragraph 37 are conclusions of law as opposed

to allegations of fact, and therefore no response is required.

38.   SNC states that the averments in Paragraph 38, including its subparts (a) - (f), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 38, including its subparts (a) - (f), are denied.

39.   SNC states that the averments in Paragraph 39 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 39 are denied.

40.   SNC states that the averments in Paragraph 40, including its subparts (a) – (h) are conclusions of law as opposed to allegations of fact, and therefore no response is required.

## COUNT II
### (Vicarious Negligence Sierra Nevada Corporation)

41.   SNC incorporates by reference its responses to Paragraphs 1-34, as if fully set forth herein.

42.   SNC states that the averments in Paragraph 42, including its subparts (a) and (b), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 42, including its subparts (a) and (b), are denied.

43.   SNC states that the averments in Paragraph 43, including its subparts (a) and (b), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 43, including its subparts (a) and (b), are denied.

44.   SNC states that the averments in Paragraph 44, including its subparts (a) and (b), are conclusions of law as opposed to allegations of fact, and therefore no response is required.

To the extent a response may be required, the averments in Paragraph 44, including its subparts (a) and (b), are denied.

46. SNC states that the averments in Paragraph 45, including its subparts (a) and (b), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 45, including its subparts (a) and (b), are denied.

46. SNC states that the averments in Paragraph 46, including its subparts (a) - (h), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 46, including its subparts (a) - (h), are denied.

## COUNT III
### (Direct Negligence New Frontier Innovations, LLC)

47. SNC incorporates by reference its responses to Paragraphs 1-34, as if fully set forth herein.

48. SNC admits that NFI employed one pilot and two sensor operators for the October 5, 2013 flight. SNC states that the remaining averments in Paragraph 48 are directed to a party other than SNC, and therefore no response is required. Further, those remaining averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

49. SNC states that the averments in Paragraph 49, including its subparts (a) – (f), are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 49, including its subparts (a) – (f), are denied.

50. SNC states that the averments in Paragraph 50, including its subparts (a) and (b), are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 50, including its subparts (a) and (b), are denied.

51. SNC states that the averments in Paragraph 51, including its subparts (a) – (h), are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 51, including its subparts (a) – (h), are denied.

## COUNT IV
### (Negligence Straight Flight, Inc.)

52. SNC incorporates by reference its responses to Paragraphs 1-34, as if fully set forth herein.

53. SNC admits that Straight Flight is a wholly owned subsidiary of SNC. SNC denies the remaining averments in Paragraph 53.

54. SNC denies that Straight Flight was responsible for modifying or maintaining the subject aircraft, including its ground proximity warning system. SNC states that the remaining averments in Paragraph 54 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 54 are denied.

55. SNC states that the averments in Paragraph 55, including its subparts (a) - (d), are directed to a party other than SNC, and therefore no response is required. Further, those

averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 55, including its subparts (a) - (d), are denied.

56. SNC states that the averments in Paragraph 56 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 56 are denied.

57. SNC states that the averments in Paragraph 57, including its subparts (a) – (h), are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

## COUNT V
### (Gross Negligence SNC, NFI, Straight Flight)

58. SNC states that the averments in Paragraph 58, including its subparts (a) - (c), are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 58, including its subparts (a) - (c), are denied.

59. SNC states that the averments in Paragraph 59 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 59 are denied.

60. SNC states that the averments in Paragraph 60 are conclusions of law as opposed to allegations of fact, and therefore no response is required. To the extent a response may be required, the averments in Paragraph 60 are denied.

## COUNT VI
**(Negligence and Strict Liability Honeywell International, Inc.)**

61. SNC incorporates by reference its responses to Paragraphs 1-34, as if fully set forth herein.

62. SNC states that the averments in Paragraph 62 are directed to a party other than SNC, and therefore no response is required. To the extent a response may be required, SNC admits that the EGPWS is designed to provide warnings to aircrews of upcoming terrain, admits that Honeywell designed, distributed and/or sold the EGPWS system installed on the subject aircraft, and denies any remaining averments in Paragraph 62.

63. SNC states that the averments in Paragraph 63 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

64. SNC admits that according to the Air Force Accident Investigation Report, approximately 30 seconds prior to impact, the cockpit voice recorder recorded the words "pull up." SNC denies the remaining averments in Paragraph 64.

65. SNC states that the averments in Paragraph 65 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

66. SNC states that the averments in Paragraph 66 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

67. SNC states that the averments in Paragraph 67 are directed to a party other than SNC, and therefore no response is required. Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

68.     SNC states that the averments in Paragraph 68 are directed to a party other than SNC, and therefore no response is required.  Further, those averments are conclusions of law as opposed to allegations of fact, and therefore no response is required.

## GENERAL DENIAL

To the extent any allegation in the Plaintiff's Complaint is not expressly admitted or denied above, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent the Plaintiff's Complaint alleges acts or omissions within the scope of SNC's contract with the United States of America, SNC is entitled to full and/or qualified immunity.

### Second Affirmative Defense

SNC was in full compliance with all federal regulations and contractual requirements applicable to its operations relevant to the subject of Plaintiff's Complaint.

### Third Affirmative Defense

This Court lacks subject matter jurisdiction over Plaintiff's claims because, but not limited to, this matter is non-justiciable under the political question doctrine.

### Fourth Affirmative Defense

The damages allegedly sustained by Plaintiff may have been caused or contributed to by the conduct of others for whom SNC is not responsible, and therefore any recovery or other award made against SNC herein must be reduced by the percentage of fault of other tortfeasors,

whether named as parties hereto or no.

### Fifth Affirmative Defense

Plaintiff has no right to recover from SNC because the death of Decedent was the result of the actions of third parties, including but not limited to the United States whose conduct constitutes an intervening and superseding cause.

### Sixth Affirmative Defense

Recovery is limited or barred due to benefits made available to Plaintiff as a result of the death of decedent.

### Seventh Affirmative Defense

Plaintiff's Decedent assumed the risk of the operations that lead to the accident and injuries complained of in the Complaint.

### Eighth Affirmative Defense

Plaintiff's claims are, or may be, barred for failure to join necessary and/or indispensable parties.

### Ninth Affirmative Defense

The doctrine of *respondeat superior* and/or vicarious liability are inapplicable to SNC under applicable law.

### Tenth Affirmative Defense

The law of a country other than the United States is applicable to the claims contained in the Complaint.

### Eleventh Affirmative Defense

Plaintiff's claims should be dismissed based upon *forum non conveniens*

### Twelfth Affirmative Defense

Plaintiff's claims against SNC are barred or reduced pursuant to the protections afforded under the doctrines of statutory employer, lent employee, and/or borrowed servant doctrine as applicable to workers' compensation and/or comparable benefits paid or payable as a result of the Decedent's death.

### Thirteenth Affirmative Defense

Plaintiff's claims are preempted by federal law, including the law interpreting the "combatant activities" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(j), as enunciated in *Koohi v. United States*, 976 F.3d 1328 (9th Cir. 1992) and *Bentzlin v. Hughes Aircraft*, 833 F. Supp. 1486 (C.D. Cal. 1993).

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the government contractor defense.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by the State Secrets doctrine to the extent that classified information not released by the United States is involved.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred by the applicable statutes of limitations.

### Seventeenth Affirmative Defense

Plaintiff's claim for punitive damages fails for failure to satisfy the conditions precedent established by Florida Statutes §768.72.

WHEREFORE, for the foregoing reasons, SNC respectfully requests that the Complaint be dismissed and that the Plaintiff be denied any of the requested relief.


**Dated:** May 26, 2015                           /s/ Monica L. Irel, Esq.
                                                   Monica L. Irel, Esq.
                                                   **McKENNA LONG & ALDRIDGE LLP**
                                                   Florida Bar No.: 0142395
                                                   Capital Plaza
                                                   10700 N. Kendall Drive-Suite # 303
                                                   Miami, Fl.  33176
                                                   (305) 670-4843
                                                   (305) 670-4846 Facsimile
                                                    Counsel for Defendant Sierra Nevada Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/Monica L. Irel
Monica L. Irel, Esq.
Florida Bar No.: 0142395
email:  mirel@mckennalong.com
**MCKENNA LONG & ALDRIDGE LLP**
Capital Plaza
10700 N. Kendall Drive, Suite # 303
Miami, Fl.  33176
Telephone:     (305) 670-4843
Facsimile:      (305) 670-4846

Counsel for Defendant Sierra Nevada Corporation

## SERVICE LIST

*LILY ANN NÚÑEZ, as personal representative of the Estate of Lt. LLOYD NÚÑEZ*
*v.*
*SIERRA NEVADA CORPORATION and STRAIGHT FLIGHT, INC.*

**Ricardo M. Martinez-CID**
rmcid@podhurst.com
**Lea P. Valdivia**
lvaldivia@podhurst.com
**PODHURST ORSECK, P.A**.
City National Bank Building
Suite 800
Miami, Florida 33130
Telephone:   (305) 358-2800
Facsimile:   (305) 358-2382

*Attorneys for Plaintiff*

**Michael S. Pasano, Esq.**
mpasano@cfjblaw.com
**Marissel Descalzo, Esq.**
mdescalzo@cfjblaw.com
CARLTON FIELDS JORDEN BURT, P.A.
100 S.E. 2ND Street, Suite 4200
Miami, Florida 33131-2114
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Def. New Frontier Innovations, LLC*

**James F. Hibey, Esq.**
jhibey@Steptoe.com
**Shannen W. Coffin, Esq.**
scoffin@Steptoe.com
**STEPTOE & JOHNSON LLP**
1330 Connecticut Ave. NW
Washington, DC 20036
Telephone: (202) 429-3000

*Attorneys for Def. New Frontier Innovations, LLC*

**Douglas M. McIntosh, Esq.**
dmcintosh@mscesq.com
dmmpleadings@mscesq.com
**Ilana B. Lazarus, Esq.**
ilazarus@mscesq.com
McINTOSH, SAWRAN & CARTAYA, P.A.
1776 East Sunrise Blvd.
P.O. Box 7990
Ft. Lauderdale, FL 33338-7990
Telephone: (954) 765-1001
Facsimile: (954) 765-1005

*Attorneys for Def. Honeywell International, Inc.*